*E-Filed 3/11/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LESLIE GORDON SMITH, | No. C 12-0688 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| R. DIAZ, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state conviction. Respondent moves to dismiss as untimely the petition for such relief. For the reasons discussed herein, respondent's motion to dismiss (Docket No. 10) is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A. Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by

unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## B.  Timeliness of the Petition

The state appellate court affirmed petitioner's conviction on February 11, 2010. He did not petition the state supreme court for direct review. His conviction, then, became final forty days later, on March 23, 2010. *See* Cal. Rules of Ct., rules 8.264, 8500(e). Petitioner, then, had one year, that is, until March 24, 2011 to file a timely federal habeas petition.[1] The instant petition, however, was not filed until February 10, 2012, well after the March 24, 2011 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### 1.  Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2). Petitioner filed his first state habeas petition on July 27, 2011, which was after the March 24, 2011 federal habeas filing deadline.

Petitioner is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended, here the July 27, 2011 state petition, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section

---

[1] Because petitioner did not appeal to the state supreme court, he is not entitled to the additional 90 days granted by *Bowen*, cited above. The Court notes that even had petitioner filed by the deadline, his petition may well have been dismissed because he did not exhaust his claims in the state supreme court prior to filing for federal habeas relief.

2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Because petitioner filed his first state habeas petition after the filing date for a federal habeas petition passed, he is not entitled to statutory tolling. Absent equitable tolling, the petition must be dismissed.

**2. Equitable Tolling**

Petitioner does not allege that he is entitled to equitable tolling, let alone show support for such an assertion. Therefore, petitioner has not shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

**CONCLUSION**

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 10) is GRANTED. The petition is hereby DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 10, and close the file.

**IT IS SO ORDERED**.

DATED: March 11, 2013

RICHARD SEEBORG
United States District Judge